UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** CR 06-20 ADM/JJG |
| | ) | |
| Plaintiff, | ) | (18 U.S.C. § 666(a)(1)(B)) |
| | ) | |
| v. | ) | |
| | ) | |
| GARY DEAN ZIMMERMANN, | ) | |
| a/k/a Dean Zimmermann, | ) | |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

At all times relevant and material to this indictment:

1. (a)  Defendant GARY DEAN ZIMMERMANN was an elected member of the Minneapolis City Council, representing the city's Sixth Ward. GARY DEAN ZIMMERMANN was a member of the Minneapolis City Council Committee on Zoning and Planning, which is a committee of the City Council that, among other things, reviews applications for zoning before they are forwarded to the full council for consideration. Zoning changes in the City of Minneapolis are not effective until approved by the City Council. As a member of the City Council, defendant GARY DEAN ZIMMERMANN was an "agent," as that term is defined in Title 18, United States Code, Section 666(d)(1), of the government of the City of Minneapolis.

   (b)  The government of the City of Minneapolis was a "local government" as that term is defined in Title 18, United States Code, Section 666(d)(3). During 2005 the City of Minneapolis received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other forms of federal assistance.

   (c)  The Powderhorn Residents Group was a not-for-profit organization that, among other things, developed low-income housing in the City of Minneapolis. One of the Powderhorn Resident Group's development projects was a housing development called "Franklin Station Townhomes."

SCANNED

JAN 1 8 2006

U.S. DISTRICT COURT MPLS

FILED  JAN 1 8 2006
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

U.S. v. Gary Dean Zimmermann

      (d)   Chicago Commons was a condominium and retail complex located at 2401 Chicago Avenue South, Minneapolis, Minnesota. The complex was located in the Eighth Ward, immediately across the street from, and adjacent to, the Sixth Ward represented by defendant ZIMMERMANN.

## COUNT 1

2.    The grand jury re-alleges paragraph 1 of this indictment and incorporates it by reference as though it was set forth in full at this point.

3.    During 2005, the developer of Chicago Commons was seeking a change from the Minneapolis City Council in the complex's zoning.

4.    On or about June 14, 2005, in the State and District of Minnesota, the defendant,

GARY DEAN ZIMMERMANN,
a/k/a Dean Zimmermann,

did knowingly and corruptly solicit and demand for his own benefit, and accepted and agreed to accept something of value, specifically $5,000 in cash, with intent to be influenced or rewarded in connection with any business, transaction or series of transactions with the government of the City of Minneapolis involving something of a value of $5,000 or more, specifically a re-zoning application by a real estate developer who was constructing the Chicago Commons condominium and retail complex at 2401 Chicago Avenue South, in the City of Minneapolis.

2

<u>U.S. v. Gary Dean Zimmermann</u>

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 2

5.    The grand jury re-alleges paragraph 1 of this indictment and incorporates it by reference as though it was set forth in full at this point.

6.    In August of 2005, the developer of the Chicago Commons complex was considering the development of a retail mall that would market itself to members of Minneapolis's Somali-American community.   The developer approached defendant ZIMMERMANN for assistance on such a project, including assistance with any zoning issues.

7.    On or about August 15, 2005, in the State and District of Minnesota, the defendant,

GARY DEAN ZIMMERMANN,
a/k/a Dean Zimmermann,

did knowingly and corruptly solicit and demand for his own benefit, and accepted and agreed to accept something of value, specifically, $1,200 in cash, with intent to be influenced or rewarded in connection with any business, transaction or series of transactions with the government of the City of Minneapolis involving something

3

U.S. v. Gary Dean Zimmermann

of a value of $5,000 or more, specifically the development of a retail mall catering to Minneapolis's Somali-American community.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 3

8.    The grand jury re-alleges paragraphs 1 and 6 of this indictment and incorporates them by reference as though they were set forth in full at this point.

9.    On or about August 31, 2005, in the State and District of Minnesota, the defendant,

GARY DEAN ZIMMERMANN,
a/k/a Dean Zimmermann,

did knowingly and corruptly solicit and demand for his own benefit, and accepted and agreed to accept something of value, specifically $1,000 in cash, with intent to be influenced or rewarded in connection with any business, transaction or series of transactions with the government of the City of Minneapolis involving something of a value of $5,000 or more, specifically the development of a retail mall catering to Minneapolis's Somali-American community.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

4

<u>U.S. v. Gary Dean Zimmermann</u>

## **COUNT 4**

10.   The grand jury re-alleges paragraph 1 of this indictment and incorporates it by reference as though it was set forth in full at this point.

11.   On  or  about  October  19,  2004,  management  of  the Powderhorn Residents Group sent an e-mail to the city hall e-mail account of defendant GARY DEAN ZIMMERMANN.   In that e-mail, the Powderhorn Residents Group asked the defendant to sign certificates of completion and release of forfeiture for the newly-constructed Franklin Station Townhomes.   The newly-constructed townhomes were in the defendant's ward.   Powderhorn Residents Group management also asked the defendant to facilitate obtaining the signature on those certificates of a second city council member.   A certificate of completion and release of forfeiture must be signed by two members of the city council.

12.   The  defendant  responded  to  this  e-mail  by  asking Powderhorn Residents Group to construct, at no charge, a retaining wall on the property of the defendant's former partner.   When the Powderhorn Residents Group sent an e-mail declining this request, the defendant, by reply e-mail dated on or about October 29, 2004, asked that the materials for such a retaining wall be given to him

U.S. v. Gary Dean Zimmermann

free of charge.   The defendant offered to construct the wall himself if provided with the materials.

13.   Between on or about October 19, 2004, and October 29, 2004, in the State and District of Minnesota, the defendant,

GARY DEAN ZIMMERMANN,
a/k/a Dean Zimmermann,

did knowingly and corruptly solicit and demand for his own benefit something of value, specifically materials for, and construction of, a retaining wall, with intent to be influenced or rewarded in connection with any business, transaction or series of transactions with the government of the City of Minneapolis involving something of a value of $5,000 or more, specifically the signing of certificates of completion and release of forfeiture for the Franklin Station Townhomes project.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).


A TRUE BILL


UNITED STATES ATTORNEY                         FOREPERSON


6