# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Gary Dean Zimmermann,

        Defendant.

**ORDER**
Criminal No. 06-20 ADM/JJG

_____

John Docherty, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Daniel M. Scott, Esq., Kelley, Wolter & Scott, P.A., on behalf of Defendant Gary Dean Zimmermann.

_____

This matter is before the undersigned United States District Judge pursuant to Gary Dean Zimmermann's ("Defendant's") Motion for Early Termination of Supervised Release ("Motion") [Docket No. 99].

On August 11, 2006, Defendant was convicted by a jury of violating 18 U.S.C. § 666, receipt of gratuities by a public official. On December 19, 2006, he was sentenced to 30 months in the custody of the Bureau of Prisons followed by a three year term of supervised release. Defendant served his term of incarceration and satisfied his restitution obligation. Defendant's term of supervised release began on January 5, 2009. He has returned to his wife, his home in Minneapolis, and his occupation as a handyman, and has served his first two years of supervision without incident.

The Government opposes Defendant's Motion, arguing that early termination is inappropriate because Defendant "has not, from the time of his apprehension to the present day,

expressed any remorse for his betrayal of the public trust, but has consistently sought to portray his indictment and conviction as factually untrue and politically motivated." Response in Opposition by the United States to Defendant's Motion for Early Termination of Supervised Release ("Government's Response") at 1 [Docket No. 100].

In ruling on the Motion, the Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need to "afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); the need to "protect the public from further crimes of the defendant," § 3553(a)(2)(C); the defendant's need for educational and vocational training and medical care, § 3553(a)(2)(D); the range proposed in the Sentencing Guidelines and associated commentary, § 3553(a)(4),(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the opportunity for the defendant to make restitution, § 3553(a)(7).

Defendant is nearly 70 years old. He has satisfied his restitution obligation and has no need for educational training or medical care. The Sentencing Guidelines call for a supervised release range of two to three years, and the Government's Response points to no sentencing disparities likely to arise if Defendant's supervised release is terminated early. It appears that Defendant's opportunity to hold public office in the future, and therefore to commit similar crimes, will be sharply limited due to his conviction. Defendant has served two years of supervision and has complied with all conditions imposed by the Probation Office; there is no indication that an additional year of supervised release is necessary to protect the public.

The history and characteristics of the Defendant, and the need to afford adequate deterrence to criminal conduct, are factors implicated by the allegations in the Government's

Response.  The Government claims the Defendant has never accepted responsibility for his crime.  Considering all the statutory factors, it appears that Defendant meets the conditions for early termination of supervised release.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion for Early Termination of Supervised Release [Docket No. 99] is **GRANTED**; and

2.  Defendant's term of supervised release shall terminate on **June 30, 2011.**

BY THE COURT:


     s/Ann D. Montgomery     
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 10, 2011.